J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00167-SSS-DTBx | Date | May 20, 2026 |
|---|---|---|---|

| Title | *Jasmine P. Jaime v. Kikoff Lending LLC* |
|---|---|

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER**

On April 14, 2026, the Court granted Defendant Kikoff Lending LLC's Motion for a More Definite Statement and ordered Plaintiff Jasmine P. Jaime, proceeding pro se, to file a First Amended Complaint within twenty-one (21) days, on or before May 5, 2026, at 12:00 p.m.  [Dkt. No. 21].  The Court expressly advised Plaintiff that "failure to file a timely amended complaint may result in dismissal of this action."  [*Id.*].

To date, Plaintiff has not filed a First Amended Complaint, nor has Plaintiff requested an extension of time or otherwise communicated with the Court regarding her failure to comply.

District courts have inherent authority to dismiss an action for failure to prosecute or to comply with a court order.  *See* Fed. R. Civ. P. 41(b).  In determining whether dismissal is warranted, the Court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

CIVIL MINUTES—
GENERAL    Initials of Deputy Clerk <u>iv</u>

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The first two factors favor dismissal. This action has been pending since its removal in January 2026, and Plaintiff's failure to file an amended complaint has stalled the litigation. The public interest in expeditious resolution and the Court's interest in managing its docket are both disrupted by Plaintiff's inaction. The third factor also favors dismissal. Defendant cannot frame a responsive pleading without the factual clarification the Court ordered Plaintiff to provide, and the prejudice from unreasonable delay is presumed. See *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994).

The fifth factor likewise favors dismissal. The Court has already employed less drastic measures. When the renewed Motion for a More Definite Statement was granted, the Court declined to dismiss the action and instead afforded Plaintiff an opportunity to amend, with an express warning that failure to comply could result in dismissal. Plaintiff has not availed herself of that opportunity. The Court's warning of dismissal itself satisfies the requirement to consider less drastic alternatives. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff's pro se status also does not excuse compliance with court orders or the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

As such, the Court **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's April 14, 2026 Order. All pending dates and deadlines are **VACATED**. The Clerk is directed to close the case. (JS-6)

**IT IS SO ORDERED.**